IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BODEGAS EL NIDO, S.L. and BODEGAS HIJOS DE JUAN GIL, S.L., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Docket No. 1:14-CV-10510 |
| FINE ESTATES FROM SPAIN, INC. | ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiffs, BODEGAS EL NIDO, S.L., ("Bodegas El Nido") and BODEGAS HIJOS DE JUAN GIL, S.L., ("Bodegas Hijos de Juan Gil") (collectively, the "Plaintiffs") by and through their counsel, assert claims against the Defendant, FINE ESTATES FROM SPAIN, INC., ("Fine Estates" or "Defendant") and allege and state as follows:

## INTRODUCTION

1. Plaintiffs, family-owned Spanish wineries, are hereby seeking a declaratory judgment of non-infringement and copyright cancellation against their former United States agent which is using a fraudulently-obtained copyright registration to threaten and attempt to obtain money from them.

2. Upon information and belief, defendant Fine Estates is an American agent for Spanish wineries, formerly including Plaintiffs. Upon information and

belief, Jorge Ordoñez ("Ordoñez") is the principal of Defendant Fine Estates, and additionally served as President and Director of Plaintiff Bodegas El Nido until December 10, 2010. Upon information and belief, Ordoñez, through his trust Bodegas Ordoñez Business Trust, and later through the Spanish company, Bodegas Ordóñez, S.L., was also a shareholder of Bodegas El Nido until on or about August 11, 2011.

3. This action arises out of Defendant's recent attempt to use a fraudulent copyright registration to extort one hundred fifty thousand dollars ($150,000.00) from the Plaintiffs.  **See Exhibit G**.  The design work which Defendant claims to own and is the basis of its demand for payment was commissioned and paid for by Plaintiff Bodegas El Nido while Ordoñez was a fiduciary of Plaintiff Bodegas El Nido. Defendant Fine Estates served as United States agent for Plaintiffs Bodegas Hijos de Juan Gil and Bodegas El Nido at the time that the work was commissioned, and Defendant's Principal, Ordoñez, through his trust, remained a shareholder and director of Bodegas El Nido. Ordoñez was additionally serving as President of Bodegas El Nido when Bodegas El Nido paid the designer for the design work in question. Accordingly, Ordoñez was at all times aware that Fine Estates has no rights in the work, requiring a declaratory judgment of copyright cancellation and non-infringement in favor of Plaintiffs.

## THE PARTIES

4. Plaintiff Bodegas El Nido is a Spanish limited liability company with its principal place of business at Portillo de la Glorieta, 7 bajo-derecha Jumilla, Spain.

5. Plaintiff Bodegas Hijos de Juan Gil is a Spanish limited liability company with its principal place of business at Portillo de la Glorieta, 7 bajo-derecha Jumilla, Spain.

6. Upon information and belief, defendant Fine Estates is a Massachusetts corporation, with its principal place of business at 745 High Street, Dedham, Massachusetts.


## JURISDICTION AND VENUE

7. The jurisdiction of this Court is premised upon the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over Fine Estates because, upon information and belief, it is a corporation organized under the laws of Massachusetts and its principal place of business is within this District.

9. Venue is proper within this District pursuant to 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

10. Bodegas Hijos de Juan Gil is a family-owned Spanish winery incorporated in Spain on March 6, 2003.  Bodegas Hijos de Juan Gil is the majority shareholder in Bodegas El Nido, which was incorporated in Spain on or about July 31, 2003.

11. On or about March 3, 2004, Bodegas Ordoñez Business Trust, a Massachusetts trust created by Ordoñez, became a minority shareholder of Bodegas El Nido.

12. Bodegas El Nido and Bodegas Hijos de Juan Gil entered into an agreement for Defendant Fine Estates to become the agent responsible for the marketing of their products in the United States.

13. In or around 2004, Plaintiff Bodegas El Nido began planning to create and sell a wine called "CLIO" in Europe and the United States.

14. Accordingly, on or about August 27, 2004, Plaintiff Bodegas El Nido filed a trademark application for CLIO for wine in the European Union under application number 004002218, which was registered on March 2, 2006.

15. On or about September 1, 2004, Ordoñez caused a trademark application to be filed for CLIO (word mark) for wine in the United States on behalf of Defendant Fine Estates, which was given serial number 78477299. This trademark application was not authorized by Plaintiff Bodegas El Nido, nor were Plaintiffs informed of this trademark application.

4

16. On or about September 8, 2004, Plaintiff Bodegas El Nido filed a trademark application for CLIO (word mark) for wine in the United States, which was given serial number 78477299. This application was ultimately refused on May 17, 2007 because of a likelihood of confusion with Fine Estates' CLIO application, which had been improperly filed first.

17. In or around 2004, Plaintiff Bodegas El Nido commissioned the graphic design company Go Big Branding Incorporated ("Go Big"), whose services had been recommended by Ordoñez, to create a design for use in the CLIO wine label (the "CLIO Design.")

18. On or about December 5, 2004, Go Big issued an invoice to Bodegas El Nido for $5,092, which corresponded to Go Big's fees for creation of the CLIO Design, one CD, and three (3) large and six (6) small color printouts of the CLIO Design. **Please see Exhibit A.**

19. Shortly afterwards, Ordoñez sent a notice to Bodegas El Nido in Spain along with the Go Big invoice, stating "[t]his invoice is from Go Big Branding Incorporated for art work for your company" and urging "Please pay this invoice immediately!" **Exhibit A.**

20. In or around January 2005, CLIO wine began to be offered for sale in the United States. It has been sold continuously in the United States by Bodegas El Nido since that time, and all such sales have been made using the CLIO Design on the wine label.

21. On or about May 31, 2005, Ordoñez was appointed President of Bodegas El Nido and became a member of that entity's Board of Directors.

22. On or about October 14, 2005, Bodegas El Nido paid the invoice issued by Go Big for the CLIO Design. Please see **Exhibit B.**

23. Relations between Ordoñez and Plaintiffs eventually soured, partly due to Defendant Fine Estates' improper registration of Plaintiffs' trademarks.

24. On or about December 10, 2010, Ordoñez was removed from his position as President of Plaintiff Bodegas El Nido.

25. On or about March 11, 2011, in a last-ditch effort to resolve trademark violations and other matters without litigation, a draft demand letter regarding the Defendant's improper US trademark registration of the CLIO mark was sent to Ordoñez's sister, Victoria Ordoñez, who upon information and belief, was a Director of Bodegas Ordoñez. The communication indicated that Plaintiffs preferred to resolve the dispute amicably, but that the demand letter would be sent by Plaintiffs' counsel to Defendant Fine Estates if this were not possible.

26. In response, and without notifying Plaintiffs, Defendant Fine Estates filed a copyright application for the CLIO Design, which application was granted on April 11, 2011 and given registration number VA 1-770-143. This application indicated that the work was first published on December 31, 2003, and improperly stated that it was created as a work for hire made for Fine Estates. **Please see Exhibit G.**

27. On or about April 19, 2011, Plaintiffs' counsel sent the previously drafted demand letter to Fine Estates objecting to Fine Estates' improper registration of the trademark CLIO (word mark) in the United States, as well as to the improper registration of two marks belonging to another Bodegas Hijos de Juan Gil subsidiary. Plaintiffs demanded that these three trademarks be assigned to their proper owners. **Please see Exhibit C.**

28. On or about April 27, 2011, Fine Estates, through counsel, responded to Plaintiffs' April 19, 2011 letter, claiming that Fine Estates was the proper owner of the three trademarks mentioned in paragraph 27 above and maintained that "Ordoñez is internationally recognized, and perhaps the best ( [sic] name in the business of selling Spanish wine in the United States and abroad" and that "Ordoñez and his staff at Fine Estates have been intimately involved and responsible for the production of the wine product that fills the bottles on which the brand[] CLIO" is placed.  **Please see Exhibit D.**

29. On or about Aril 27, 2011, Fine Estates, through counsel, sent an additional letter responding to Plaintiffs' April 19, 2011 letter, threatening to send a letter to "all United States wholesalers and distributors that continue to deal" in among others, the CLIO brand wines, which would allege that Fine Estates owned the three trademarks at issue, that "no third party [was] authorized" to sell wine bearing those trademarks, and demanding that the parties cease and desist any use of the marks in the United States. **Please see Exhibit E.**

30. Plaintiffs, unaware of Fine Estates' copyright registration of the CLIO Design, entered into settlement negotiations with Defendant shortly thereafter.

31. On or about August 11, 2011, these negotiations concluded with an agreement which provided for, *inter alia*, the purchase of the United States trademark CLIO from Fine Estates by Bodegas El Nido for 3,000 euros.

32. Notably, in this agreement, the parties agreed that "[t]he persons appearing warrant that, neither they nor other related persons or entities are owners of intellectual property, registered in different countries, related to marks which are similar phonetically and/or in terms of design to the marks which are disposed of by this document."

33. It is remarkable that on or about August 11, 2011 during the transfer of the trademark CLIO to its legitimate owner, Fine Estates represented that it did not own any non-disclosed intellectual property rights, including the design elements, of the marks being transferred.  At no point during the 2011 settlement negotiations nor in any document or writing did Ordoñez or Defendant Fine Estates notify Plaintiffs of the copyright registration of the CLIO Design or claim to own the registration, nor did it demand that Plaintiffs cease use of the Design.

34. Plaintiffs received no communications regarding the CLIO Design from Fine Estates, Ordoñez, or any related entities until the demand letter sent on or about January 16, 2014 by Defendant' counsel. **Please see Exhibit G.**  This

letter claimed that Fine Estates was the owner of the CLIO Design copyright, threatened criminal penalties and demanded a $150,000 (one hundred fifty thousand dollar) payment.

35. Defendant has claimed to be prominently involved in the wine industry, and in particular, in the distribution and marketing of Spanish wines in the United States. **Please see Exhibit D**. For this reason, it is not credible that it took Defendant 2.5 years after the conclusion of the August 11, 2011 agreement to discover that Plaintiff Bodegas El Nido had never ceased use of the same label design which it had always used for CLIO. It seems obvious that Defendant Fine Estates procured the CLIO Design copyright registration and waited this length of time to raise a claim solely to increase the threat of damages to Plaintiffs.

36. Pursuant to F.R.C.P. 18(a), Plaintiffs reserves the right to and plans to pursue other claims against Defendant not addressed in this Complaint in a separate forum.

## COUNT I—Declaratory Judgment
(Plaintiffs are not Liable for Copyright Infringement)

37. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1-36 as if said paragraphs were fully and completely set forth herein in this paragraph.

38. An actual and justiciable controversy exists between the parties as to whether Bodegas El Nido's use of the CLIO Design infringes any copyright of Defendant Fine Estates.

39. Bodegas El Nido's use of the CLIO Design does not infringe any copyright of Defendant Fine Estates because Fine Estates does not own or have any other rights in the CLIO Design.

40. In the alternative, Plaintiffs are not liable for copyright infringement because Defendant's claims are barred by unclean hands. Upon information and belief, Defendant was aware upon filing the copyright application that it had no rights in the CLIO Design, and filed such application for the sole purpose of later being able to threaten Plaintiffs.

41. In the alternative, Plaintiffs are not liable for copyright infringement because Defendant's claims are barred by equitable estoppel. Upon information and belief, Defendant was aware upon filing the copyright application for the CLIO Design that Plaintiff Bodegas El Nido intended to continue using the CLIO Design and induced Bodegas El Nido to continue using the CLIO Design. Plaintiff Bodegas El Nido relied on Defendant's conduct to its detriment by continuing to use the CLIO Design.

42. In the alternative, Plaintiffs are not liable for copyright infringement because Defendant's claims are barred by laches. Upon transferring the CLIO trademark to Bodegas El Nido on or about August 11, 2011, Defendant was aware that Bodegas El Nido intended to and did continue use of the CLIO

wine using the CLIO Design. Ordoñez, as an active participant in the Spanish wine market, upon information and belief, is aware that CLIO wine has been sold using the CLIO Design since August 11, 2011. Defendant Fine Estates' failure to take action for approximately 2.5 years is unreasonable and acts to bar an infringement claim.

43. In the alternative, Plaintiff Bodegas Hijos de Juan Gil is not liable for copyright infringement because the sole entity offering the CLIO wine for sale and using the CLIO Design is Plaintiff Bodegas El Nido, a legally separate entity.

44. Plaintiffs have no adequate remedy at law.

45. Plaintiffs are entitled to a declaratory judgment, pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57, that Bodegas El Nido's use of the CLIO Design does not infringe any copyright of Defendant Fine Estates.


### COUNT II—DECLARATORY JUDGMENT
(Defendant Has no Copyright Ownership Interest in the CLIO Design)

46. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-45 as if said paragraphs were fully and completely set forth herein in this paragraph.

47. An actual and justiciable controversy exists between the parties as to whether Defendant Fine Estates has any copyright ownership interest in the CLIO Design.

48. The CLIO Design was commissioned and paid by Plaintiff Bodegas El Nido, not Fine Estates. Upon information and belief, no written agreement designating the CLIO Design as a work for hire for Fine Estates or assigning the work to Fine Estates exists.

49. Plaintiffs have no adequate remedy at law.

50. Plaintiffs are entitled to a declaratory judgment, pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57, that Defendant Fine Estates has no copyright ownership interest in the CLIO Design.


## COUNT III—DECLARATORY JUDGMENT
(Defendant's Copyright Registration is Invalid)

51. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1-50 as if said paragraphs were fully and completely set forth herein in this paragraph.

52. Defendant Fine Estates improperly obtained a copyright registration (Registration No. VA 1-770-143) in the CLIO Design as a work made for hire. Such conduct constitutes fraud on the U.S. Copyright Office, as (A) upon information and belief, no written agreement designating the Design as a work made for hire for Fine Estates exists, and (B) the Design was commissioned and paid for by Plaintiff Bodegas El Nido, not Fine Estates.

53. Fine Estates' procurement of the copyright registration constitutes fraud on the copyright office, because Ordoñez was aware that Bodegas El Nido, not Fine Estates, commissioned and paid for the CLIO Design.

54. Accordingly, Plaintiffs request that this Court declare that Copyright Registration No. VA 1-770-143 was obtained through fraud, and thus is not subject to copyright protection under 17 U.S.C §408, and order the U.S. Copyright Office to cancel Fine Estate's registration and/or correct it such that the true authorship and ownership is reflected therein.

55. By reason of the foregoing dispute over the validity of Fine Estates' registration, there now exists an actual and justiciable controversy between the parties, requiring declaratory relief.

56. Plaintiffs have no adequate remedy at law.

57. Plaintiff is entitled to a declaratory judgment, pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57 that Fine Estates' registration is invalid and should be cancelled.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, Bodegas El Nido, S.L. and Bodegas Hijos de Juan Gil, S.L., respectfully request that this Court enter a final judgment in its favor and against the Defendant as follows:

1. Entering a declaration that:

   a. Plaintiffs are not liable for copyright infringement by reason of Plaintiff Bodegas El Nido's usage of the CLIO Design;

   b. Defendant Fine Estates has no copyright interest in the CLIO Design;

  c. U.S. Copyright Registration no. 1-770-143 was fraudulently procured and should be cancelled;

2. Entering a temporary, preliminary, and permanent injunction and restraining order against Defendant to prevent further and future acts of harassment against Plaintiffs, including, but not limited to making claims to any third party of copyright ownership in the CLIO Design or accusing Plaintiffs of infringing Defendant' copyright;

3. Granting all such other and further relief as the Court may deem just and proper.

Dated:  March 5, 2014

         Respectfully submitted,

         /s/ Michael J. Lambert
         Michael J. Lambert, BBO #632051
         David Hartnagel, BBO #663431
         Sheehan Phinney Bass + Green, PA
         255 State Street, 5th Floor
         Boston, MA 02109
         Tel.: 617-897-5600
         Fax: 617-439-9363
         mlambert@sheehan.com
         dhartnagel@sheehan.com

Jose M. Arrufat Gracia
Applying for admission *pro hac vice*

Arrufat Gracia PLLC
130 W. 42nd St.
Suite 705
New York, NY 10036
Tel.: 212-244-8190
Fax: 212-244-8193
arrufat@arrufatlaw.com

## VERIFICATION

Angel Gil Vera, being duly sworn, deposes and says: I am an Officer of Plaintiffs Bodegas El Nido, S.L. and Bodegas Hijos de Juan Gil, S.L., I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; and the same is true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

ANGEL GIL VERA

**TESTIMONIO:** Yo, **ANTONIO FALCÓN ROMERO**, Notario del Ilustre Colegio Notarial de Murcia, con residencia en Jumilla, DOY FE de que conozco y considero legítima la firma que antecede de **DON ANGEL GIL VERA**, mayor de edad, con domicilio en Jumilla (Murcia), Calle Valencia, 2, 4°, A, D.N.I. y N.I.F. número 29.047.969-G, por haber sido puesta a mí presencia, en virtud del requerimiento formalizado a tal fin por dicha persona en el acta autorizada por mí, Notario, en el día de la fecha, número **145** de mí protocolo corriente, de acuerdo con lo establecido en el artículo 207 del Reglamento Notarial, de la que resulta, además del expresado requerimiento, la identificación del interesado, que tiene, a mi juicio, la capacidad legal necesaria para este acto, su declaración de que conoce el contenido de este documento y que quiere que produzca los efectos que le sean aplicables conforme a lo previsto en la ley del país donde vaya a surtir efectos. ----------------------------------------------

El presente testimonio de legitimación de firmas queda archivado en la sección B de mi Libro Indicador con el número 103. -----------------------

Jumilla, a tres de marzo de dos mil catorce. DOY FE.- ----------------------------------------------



LIBRO INDICADOR

Sección B

Asiento Nº 103

16